[Cite as *State v. Rabe*, 2013-Ohio-4867.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                              :

    Plaintiff-Appellee,               :             CASE NO.   CA2013-04-027

    - vs -                            :             O P I N I O N
                                                  11/4/2013
                                      :

DAVID L. RABE,                             :

    Defendant-Appellant.              :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2009-CR-0583


D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 S. Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

David L. Rabe, #A676-659, London Correctional Institution, P.O. Box 69, London, Ohio 43140, defendant-appellant, pro se


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, David L. Rabe, appeals from the judgment of the Clermont County Common Pleas Court denying his motion to correct an unlawful sentence. For the reasons that follow, we reverse the trial court's judgment and remand this cause for further proceedings.

{¶ 2} In 2010, appellant was convicted of operating a motor vehicle while under the

influence of alcohol or drugs (OVI) in violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree, for which he was sentenced to five years of community control. As one of the terms and conditions of his community control, appellant was ordered to serve 60 days in the Clermont County Jail. The trial court's sentencing entry notified appellant that any violation of the terms of his sentence could lead to a longer or more restrictive sanction, including a prison term of 29 months.

{¶ 3} In 2012, appellant was again arrested and charged with OVI. As a result, the trial court revoked appellant's community control and sentenced him to 29 months in prison. Two months later, appellant filed a motion to correct an unlawful sentence, arguing that, under R.C. 2929.15(B) and 2929.14(A), the maximum possible prison sentence the trial court could have imposed on him for violating the terms of his community control was 18 months, notwithstanding the fact that he was provided with notice at his original sentencing hearing that the court could impose a prison sentence of 29 months if he violated the terms of his community control.

{¶ 4} The trial court overruled appellant's motion to correct an unlawful sentence. The trial court determined that, while R.C. 2929.14(A) provided the "general sentencing guideline" for fourth-degree felony offenses, R.C. 2929.14(B)(4) provided the "more specific sentencing guideline" for fourth-degree felony *OVI* offenses. The trial court further determined that R.C. 2929.14(B)(4) "specifically provides the potential sentence of six months to thirty months in prison, with the applicable mandatory incarceration time of sixty days." Therefore, the trial court concluded that appellant's 29-month prison sentence was lawful under R.C. 2929.14(B)(4).

{¶ 5} Rabe now appeals from the trial court's decision overruling his motion to correct an unlawful sentence and assigns the following as error:

{¶ 6} "A COMMON PLEAS COURT IS LIMITED TO A SENTENCE THAT IS

- 2 -

EXPRESSLY AUTHORIZED BY LAW AND A TWENTY-NINE MONTH SENTENCE FOR A FIRST TIME FELONY DUI OFFENDER WHO VIOLATED COMMUNITY CONTROL AND WHO SERVED A SIXTY DAY MANDATORY LOCAL INCARCERATION TERM IS NOT SO AUTHORIZED AND IS THUS VOID."

{¶ 7} Appellant argues that because he was a first-time felony OVI offender and the trial court already had sentenced him to a mandatory 60-day term of local incarceration under R.C. 2929.13(G)(1), the maximum penalty that the trial court could impose on him for violating his community control was one year of local incarceration. He acknowledges that the trial court notified him at the time of his original sentencing that if he violated the terms of his community control, he could be sentenced to 29 months in prison, but he asserts that this portion of his original sentence was erroneous, too.

{¶ 8} Initially, appellant did not file a direct appeal from the trial court's decision to resentence him to 29 months in prison for violating the terms of his community control, and the argument that he is raising on appeal is different from the one he raised in the trial court. Nevertheless, "[n]o court has the authority to impose a sentence that is contrary to law," *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 23; a motion to correct an unlawful or illegal sentence is "an appropriate vehicle for raising the claim that a sentence is facially illegal at any time," *id.* at ¶ 25; and application of the principles of res judicata and issue preclusion are disfavored with respect to sentences that do not comply with statutory mandates. *Id.* at ¶ 35.

{¶ 9} R.C. 2929.15(B) states in relevant part:

(B)(1) If the conditions of a community control sanction are violated
* * *, the sentencing court may impose upon the violator one or more of the following penalties:

* * *

(c) A prison term on the offender pursuant to section 2929.14 of the

Revised Code.

(2) The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code.

{¶ 10} In this case, the "offense for which the sanction that was violated was imposed" was a fourth-degree felony OVI offense. Appellant acknowledges that the 29-month prison term that the trial court imposed on him for violating the terms of his community control does not exceed the prison term specified in the notice provided to him at his original sentencing hearing. The remaining issue before us, then, is whether the 29-month prison sentence is within the range of prison terms available for a fourth-degree felony OVI offense.

{¶ 11} R.C. 2929.14(A) states in relevant part:

(A) Except as provided in division * * * (B)(4) * * *, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:

* * *

(4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.

{¶ 12} R.C. 2929.14(B)(4) states in pertinent part:

If the offender is being sentenced for a * * * fourth degree felony OVI offense under division (G)(2) of section 2929.13 of the Revised Code, the sentencing court shall impose upon the offender a mandatory prison term in accordance with that division. In addition to the mandatory prison term, if the offender is being sentenced for a fourth degree felony OVI offense, the court, notwithstanding division (A)(4) of this section, may sentence the offender to a definite prison term of not less than six months and not more than thirty months[.] * * *

If the offender is being sentenced for a fourth degree felony OVI offense under division (G)(1) of section 2929.13 of the Revised

Code and the court imposes a mandatory term of local incarceration, the court may impose a prison term as described in division (A)(1) of that section.

{¶ 13} The trial court initially determined that R.C. 2929.14(B)(4) was the controlling statute in this case because it specifically deals with sentencing fourth-degree felony OVI offenders. The trial court then determined that it was permitted to impose a 29-month prison sentence on appellant by virtue of the language in the first paragraph of that section, which the trial court found, "specifically provides the potential sentence of six months to thirty months in prison[.]" However, the trial court's decision overlooks the plain language of R.C. 2929.14(B)(4).

{¶ 14} The language in the first paragraph of R.C. 2929.14(B)(4) states that "[i]n addition to the mandatory prison term, if the offender is being sentenced for a fourth degree felony OVI offense, the court, notwithstanding division (A)(4) of this section, may sentence the offender to a definite prison term of not less than six months and not more than thirty months[.]" This language strongly indicates that it applies only at the *original* sentencing of the fourth degree felony OVI offender. Moreover, this language expressly states that it applies only where the sentencing court chooses to sentence the offender to a 60-day mandatory *prison* term under R.C. 2929.13(G)(*2*) rather than a 60-day mandatory term of *local* incarceration under R.C. 2929.13(G)(*1*). There is no provision in the first paragraph of R.C. 2929.14(B)(4) that applies to the situation present here, in which a fourth-degree felony OVI offender has been sentenced to a 60-day mandatory term of local incarceration, which he has served, along with a five-year community control sanction, which he has violated.

{¶ 15} The second paragraph of R.C. 2929.14(B)(4) states that "[i]f the offender is being sentenced for a fourth degree felony OVI offense under division (G)(1) of section 2929.13 of the Revised Code and the court imposes a mandatory term of local incarceration, the court may impose a prison term as described in division (A)(1) of that section." R.C.

- 5 -

2929.13(A)(1) states that "[i]f the court imposes upon the offender a community control sanction and the offender violates any condition of the community control sanction, the court may take any action prescribed in division (B) of section 2929.15 of the Revised Code relative to the offender including imposing a prison term on the offender pursuant to that division." R.C. 2929.15(B) authorizes a sentencing court to impose on an offender who has violated the conditions of his community control a prison term under R.C. 2929.14 but does not specify what division of that section should apply.

{¶ 16} R.C. 4511.19(G)(1)(d)(i) and 2929.13(G) govern the original sentencing of fourth-degree felony OVI offenders. R.C. 4511.19(G)(1)(d)(i) provides that when sentencing a fourth-degree felony OVI offender who has not been convicted of, or pled guilty to, an R.C. 2941.1413 specification, a court may sentence the offender either to a mandatory term of local incarceration of 60 days in accordance with R.C. 2929.13(G)(1) or to a mandatory prison term in accordance with R.C. 2929.13(G)(2). The phrase "mandatory term of local incarceration," includes sentencing the offender to jail. R.C. 2929.01(II).

{¶ 17} R.C. 4511.19(G)(1)(d)(i) states in pertinent part:

> If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year, and, except as provided in division (A)(1) of section 2929.13 of the Revised Code, no prison term is authorized for the offense. If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (G)(2) of section 2929.13 of the Revised Code. If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

{¶ 18} R.C. 2929.13(A)(1) states that "[i]f the court imposes upon the offender a

community control sanction and the offender violates any condition of the community control sanction, the court may take any action prescribed in division (B) of section 2929.15 of the Revised Code relative to the offender, including imposing a prison term on the offender pursuant to that division."

{¶ 19} R.C. 2929.13(G) states in pertinent part:

(G) * * * [I]f an offender is being sentenced for a fourth degree felony OVI offense * * *, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:

(1) If the offender is being sentenced for a fourth degree felony OVI offense * * *, the court may impose upon the offender a mandatory term of local incarceration of sixty days * * * as specified in division (G)(1)(d) of section 4511.19 of the Revised Code. * * *

(2) * * * [I]f the offender is being sentenced for a fourth degree felony OVI offense and the court does not impose a mandatory term of local incarceration under division (G)(1) of this section, the court * * * shall impose upon the offender a mandatory prison term of sixty days * * * as specified in division (G)(1)(d) * * * of section 4511.19 of the Revised Code[.]

{¶ 20} R.C. 4511.19(G)(1)(d)(i) and 2929.13(G) provide courts with two general options for sentencing fourth-degree felony OVI offenders.  Under the first option, the sentencing court *must* order the offender to serve a 60-day mandatory term of *local* incarceration under R.C. 2929.13(G)(1) and *may* order the offender to serve an additional jail term, with the cumulative total of the mandatory 60-day term of local incarceration and the additional jail term not to exceed one year.  Under the second option, the sentencing court *must* order the offender to serve a 60-day mandatory *prison* term under R.C. 2929.13(G)(2) and *may* order the offender to serve a definite prison term of not less than six months and not more than 30 months.

{¶ 21} In addition to these two general sentencing options, R.C. 2929.15(A)(1) allows a court that is sentencing a fourth-degree felony OVI offender under either R.C.

2929.13(G)(1) or 2929.13(G)(2) to impose upon the offender a community control sanction of combination of community control sanctions in accordance with R.C. 2929.16 and 2929.17, in addition to the mandatory periods of local incarceration, mandatory prison terms and/or mandatory fines imposed on the offender.

{¶ 22} At the time of appellant's original sentencing, the trial court ordered appellant to serve 60 days in the Clermont County Jail, and thus sentenced him to a mandatory term of local incarceration under R.C. 2929.13(G)(1). The trial court did not impose an additional jail term on appellant as it was permitted to do under R.C. 4511.19(G)(1)(d)(i). Instead, the court imposed a five-year period of community control on appellant, as it was permitted to do under R.C. 2929.15(A)(1). However, the court notified appellant that if he violated the terms of his community control, he could be sentenced to a 29-month prison term, and when appellant violated the terms of his community control, the trial court revoked his community control and sentenced him to 29 months in prison. The trial court cited no authority for its decision to "mix and match" the various possible sanctions set forth in R.C. 4511.19(G)(1)(d)(i). However, under the plain words of that section, the definite prison term of not less than 6 months and not more than 30 months can be applied only where the trial court has imposed a 60-day mandatory prison term on the offender.

{¶ 23} R.C. 4511.19(G)(1)(d)(i) states that "[i]f the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (G)(2) of section 2929.13 of the Revised Code." Likewise, R.C. 2929.13(G)(2) states that "if the offender is being sentenced for a fourth degree felony OVI offense and the court does not impose a mandatory term of local incarceration under division (G)(1) of this section, the court * * * shall impose upon the offender a mandatory prison term of sixty days * * * as specified in

division (G)(1)(d) * * * of section 4511.19 of the Revised Code[.]"

{¶ 24} Additionally, R.C. 2929.14(B)(4), which is the section relied upon by the trial court, states that

> [i]f the offender is being sentenced for a * * * fourth degree felony OVI offense under division (G)(2) of section 2929.13 of the Revised Code, the sentencing court shall impose upon the offender a mandatory prison term in accordance with that division. In addition to the mandatory prison term, if the offender is being sentenced for a fourth degree felony OVI offense, the court, notwithstanding division (A)(4) of this section, may sentence the offender to a definite prison term of not less than six months and not more than thirty months[.]

{¶ 25} As can be seen from the foregoing, the imposition of a definite prison term from six months to 30 months is dependent upon the imposition of a 60-day mandatory *prison* sentence. In this case, however, the trial court did not impose a 60-day mandatory *prison* sentence but, instead, imposed a 60-day period of *local* incarceration. Consequently, the definite prison term from six months to 30 months has no application in cases where the trial court has imposed a mandatory 60-day term of local incarceration rather than a mandatory 60-day prison term. Therefore the trial court erred in finding that it was authorized under R.C. 2929.14(B)(4) to impose a 29-month prison sentence on appellant for violating the terms of his community control. However, we disagree with appellant's argument that the trial court was not permitted to sentence him to any prison term for violating the terms of his community control, but instead, was only permitted to sentence him to one year in jail.

{¶ 26} R.C. 4511.19(G)(1)(d)(i) states that, if the sentencing court imposes a mandatory term of local incarceration, the court may impose a jail term in addition to the 60-day mandatory term, but the cumulative total of the mandatory term and the jail term for the offense must not exceed one year, and "*except as provided in division (A)(1) of section 2929.13 of the Revised Code,* no prison term is authorized for the offense." (Emphasis added.) R.C. 2929.13(A)(1) states that, if an offender violates any condition of a community

control sanction imposed on him, the sentencing court may take any action prescribed in R.C. 2929.15(B) "relative to the offender, including imposing a prison term on the offender pursuant to that division." R.C. 2929.15(B)(1)(c) provides that, if the offender violates the conditions of his community control, the trial court may impose a prison term under R.C. 2929.14. R.C. 2929.14(B)(4) does not apply for the reasons set forth above. Because R.C. 2929.14(B)(4) does not apply in this case, R.C. 2929.14(A) does apply, and the maximum prison term for fourth-degree felony offenders that can be imposed under R.C. 2929.14(A)(4) is 18 months.

{¶ 27} Accordingly, appellant's assignment of error is sustained to the extent indicated.

{¶ 28} The judgment of the trial court is reversed, and this cause is remanded for resentencing consistent with this Opinion.

PIPER and M. POWELL, JJ., concur.