[Cite as *State v. Black*, 2016-Ohio-5612.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
|     Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 16 CA 4 |
| KENNETH BLACK, II | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No. 12 CR 489 D


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    August 19, 2016


APPEARANCES:

For Plaintiff-Appellee

BAMBI COUCH PAGE
PROSECUTING ATTORNEY
DANIEL M. ROGERS
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

KENNETH BLACK II
PRO SE
MARION CORR. INSTITUTION
Post Office Box 57
940 Marion-Williamsport Road
Marion, Ohio 43301

*Wise, J.*

{¶1}   Defendant-Appellant Kenneth Black II appeals the decision of the Court of Common Pleas, Richland County, which denied his *pro se* "motion to correct sentence unauthorized by law." Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows:

{¶2}   On August 13, 2012, under common pleas case number 2012-CR-0489, the Richland County Grand Jury indicted appellant on one count of aggravated burglary (a first-degree felony), two counts of kidnapping (both first-degree felonies), one count of assault (a fourth-degree felony), one count of having weapons under a disability (a third-degree felony), and one count of possessing a defaced firearm (a first-degree misdemeanor). The first three counts each included a repeat violent offender specification. The charges stemmed from appellant's July 20, 2012 armed break-in of his estranged wife's residence.

{¶3}   On October 10, 2012, under 2012-CR-0489, appellant pled guilty to all six counts and the three RVO specifications. Appellant and the State jointly recommended an agreed sentence. The trial court thereupon sentenced appellant to six years in prison on Count I, six years on Counts II and III (merged), eighteen months on Count IV, two years on Count V, and six months on Count VI. The terms were ordered to be served concurrently, but consecutive to an 861-day prison sentence imposed under case number 2008-CR-0288 for violating appellant's post-release control in that case.

{¶4}   On March 29, 2013, appellant filed a *pro se* "petition to vacate or set aside judgment of conviction or sentence," along with a supporting affidavit. The State responded on April 17, 2013.

**{¶5}** On July 17, 2013, appellant, with the assistance of the Ohio Public Defender, filed a "motion to vacate judicial sanction," arguing the post-release control in 2008-CR-0288 had not been properly imposed, thus voiding the 861-day sanction imposed in regard to 2012-CR-0489 for violating same. The State responded to appellant's motion on September 23, 2013.

**{¶6}** On February 5, 2014, the trial court issued a six-page judgment entry overruling both appellant's "petition to vacate or set aside" and his "motion to vacate."

**{¶7}** Appellant commenced an appeal of the trial court's above decision on March 3, 2014. This Court assigned the appeal case number 2014CA0014. The matter was placed on the accelerated docket. However, on May 22, 2014, we dismissed the appeal for want of prosecution. Appellant then sought reconsideration of our dismissal, but we denied the motion to reconsider on June 26, 2014.

**{¶8}** On June 22, 2015, appellant filed a *pro se* "motion to correct sentence unauthorized by law," again arguing that arguing the post-release control in 2008-CR-0288 had not been properly imposed. The State filed a response on December 17, 2015.

**{¶9}** The trial court denied appellant's motion to correct sentence via judgment entry on January 8, 2016, stating it was relying on the same reasons set forth in its decision of February 5, 2014.

**{¶10}** On January 28, 2016, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

**{¶11}** "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT IMPOSED A CONSECUTIVE JUDICIAL-SANCTION SENTENCE IN 2012 BASED UPON A VOID POSTRELEASE CONTROL IN 2008 THEN

IMPROPERLY CONSTRUED MR. BLACK'S MOTION TO CORRECT THAT SENTENCE UNAUTHORIZED BY LAW, AS A PETITION FOR POSTCONVICTION RELIEF, WHEN A VOID JUDGMENT CAN BE ATTACKED AT ANY TIME."

I.

**{¶12}** In his sole Assignment of Error, appellant challenges the trial court's decision to deny his "motion to correct sentence" in case 2012-CR-0489, contending the trial court therein had improperly imposed the 861-day judicial sanction in 2012 based upon an allegedly void post-release control order in case 2008-CR-0288.

**{¶13}** Under Ohio law, a sentence that does not contain a term mandated by statute is void. *State v. Simpkins,* 117 Ohio St.3d 420, 2008–Ohio–1197, 884 N.E.2d 568, ¶ 14; *State v. Bezak,* 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961. In *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, the Ohio Supreme Court held in pertinent part that "[a] sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.,* at paragraph one of the syllabus. In light of this voidness doctrine, where a prior sentence does not include a statutorily mandated term of post-release control in the sentencing entry, the trial court cannot order the remaining PRC time imposed upon a new violation and sentence. *See State v. Murphy,* 5th Dist. Muskingum No. CT2013–0028, 2014–Ohio–323, ¶ 7.

**{¶14}** In the case *sub judice*, appellant does not deny he made two prior attempts in 2013 to vacate his 2012 sentence on the grounds that the post-release control imposed from 2008-CR-0288 was void. But he urges that since *res judicata* does not preclude

post-sentence challenges based on claims of invalid post-release control (*Fischer*, *supra*), relief from the 861-day additional PRC sanction is warranted despite the trial court's previous rejections of his two prior petitions/motions to vacate.

{¶15} In the *Simpkins/Fischer/Billiter* line of holdings, the Ohio Supreme Court developed its modern doctrine recognizing challenges by convicted defendants to post-release control errors, under the void sentence doctrine, despite the traditional finality of a sentencing entry. However, we do not accept appellant's implicit contention herein that this window of opportunity for a defendant to overcome the *res judicata* doctrine was intended to continue *ad infinitum* via repetitive post-conviction challenges to his or her sentence. In other words, where a defendant has previously sought correction of his or her sentence under a "voidness" theory, and the trial court has previously rejected such motion (followed by if applicable, a failed or unsuccessful appeal), the law must recognize the finality of such post-conviction judgment.

{¶16} The decision of the Eighth District in *State v. Tate*, 8th Dist. Cuyahoga No. 93936, 2010-Ohio-2357, is instructive. In that case, the defendant, Tate, had filed a prior motion to withdraw his guilty plea, which was denied. He thereafter failed to properly appeal the trial court's denial of said motion, and the appellate court dismissed it for failure to file a record. Tate then filed another motion to withdraw his guilty plea with the trial court. On his appeal of the trial court's rejection of this second motion, the Eighth District Court held: "*** [B]ecause the trial court's denial of Tate's first motion to withdraw his guilty plea was an adjudication on the merits of his claims, was based upon the same facts, and sought the same relief as the second motion, the trial court's denial of the first motion operated under res judicata to bar the successive motion. *See State v. Jackson,*

Cuyahoga App. No. 92013, 2009-Ohio-3292 [sic]. Thus, because Tate did not raise the issue of postrelease control during his plea on direct appeal or properly appeal the court's denial of his first motion, his successive motion is barred by res judicata." *Id.* at ¶ 10.

**{¶17}** In the present case, appellant's most recent filing, his "motion to correct sentence," asserted claims regarding post-release control that had been rejected in 2014 by the trial court when his "petition to set aside" and his "motion to vacate" were overruled. Furthermore, no significant new facts or evidence were brought out in said motion to correct sentence. We therefore hold that after this Court dismissed appellant's 2014 appeal under our case number 2014CA0014 for want of prosecution and thereafter denied his motion to reconsider the dismissal, and once he failed to perfect an appeal therefrom to the Ohio Supreme Court, *res judicata* became a bar to revisiting the matter.[1]

**{¶18}** We hold the trial court therefore did not err in its January 8, 2016 judgment entry by declining to afford appellant relief from the additional 861 days added to his 2012 sentence due to violating his 2008 post-release control sanction.

---

[1] In so holding, however, we do not concur with the trial court's assessment of appellant's motion to correct sentence as a form of an untimely post-conviction relief petition. *See, e.g., State v. Douse,* 8th Dist. Cuyahoga No. 98249, 2013-Ohio-254, ¶¶ 9-10; *State v. Rabe,* 12th Dist. Clermont No. CA2013-04-027, 2013-Ohio-4867, ¶ 8.

**{¶19}** Accordingly, appellant's sole Assignment of Error is overruled.

**{¶20}** For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.


By: Wise, J.

Farmer, P. J., and

Gwin, J., concur.


JWW/d 0804