[Cite as *State v. Walker*, 2017-Ohio-8111.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, J. |
| -vs- | |
| GARY D. WALKER | Case No. 17 COA 016 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. 08 CRI 108


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     October 5, 2017


APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
PROSECUTING ATTORNEY
110 Cottage Street
Ashland, Ohio 44805

For Defendant-Appellant

GARY D. WALKER, PRO SE
RICHLAND CORR. INSTITUTION
1001 Olivesburg Road
Mansfield, Ohio 44901

*Wise, John, J.*

**{¶1}** Appellant Gary D. Walker appeals the the May 22, 2017, decision of the Ashland County Court of Common Pleas denying his Motion to Vacate Judicial Sanction.

**{¶2}** Appellee is the State of Ohio.

**{¶3}** This case comes to us on the accelerated calendar. App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall

be sufficient compliance with App.R. 12(A) for the statement of the reason

for the court's decision as to each error to be in brief and conclusionary

form.

The decision may be by judgment entry, in which case it will not be

published in any form.

**{¶4}** One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

**{¶5}** This appeal shall be considered with the foregoing rules in mind.

## STATEMENT OF THE FACTS AND CASE

{¶6} On September 9, 2008, appellant entered pleas of guilty to three counts of complicity to forgery.    Each count was a violation of R.C. §2923.02(A)(2) and §2913.31(A)(3) and was a felony of the fifth degree.

{¶7} On October 6, 2008, the trial court sentenced appellant to three terms of ten months in prison, to be served concurrently.

{¶8} In its Judgment Entry, the trial court further ordered the following:

It is further ORDERED that [appellant's] post-release control shall be TERMINATED based upon his violations of post-release control.  The Court FINDS that the Defendant's time remaining on post-release control is fifty-six (56) days, which is less than one year.  It is therefore ORDERED that the Defendant shall serve an additional prison sentence of one (1) year for the violation of his post-release control, pursuant to Ohio Revised Code Section 2929.141.  It is further ORDERED, pursuant to law that the post-release control time shall be served CONSECUTIVELY to the sentence imposed above with regards to Counts One, Two, and Three.

{¶9} The trial court also advised appellant of the possibility of up to three (3) years of post-release control upon completion of the prison term.

{¶10} On September 19, 2011, appellant filed a "Motion to Correct Void Sentence."  In that motion, appellant noted that he was convicted in the Cuyahoga County Court of Common Pleas, case number CR-06-480404-A, for a number of offenses, served a prison term, and was placed on post-release control for one year.  Appellant stated that the Ashland County trial court sentenced him to an additional prison term of one year for

his violation of the post-release control imposed by the Cuyahoga County Court of Common Pleas, in accord with R.C. §2929.141.[1]   Appellant argued, though, that the Cuyahoga County sentence was void because the Cuyahoga County Court of Common Pleas did not properly advise him of the term of post-release control. Specifically, Appellant stated the Cuyahoga County sentencing entry "omits the notification under R.C. 2929.19(B)(3)(e) * * * to inform appellant that he could face up to six months in prison (one-half of his originally stated one-year prison term) for violating his post-release control."

{¶11}  On October 6, 2011, the Ashland County Court of Common Pleas overruled appellant's Motion to Correct Void Sentence.

{¶12}  We note that the original sentencing entry in the instant case is devoid of any reference to which case the post-release control, and resulting imposition of sentence, originated from. However, in the judgment entry overruling appellant's motion,

---

[1] R.C. 2929.141 states:

(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

the trial court acknowledged "[t]he sentence giving rise to a post release control (*sic*) was imposed by Judge John Russo of the Cuyahoga County Common Pleas Court in its Case No. CR-06-480404-A."

{¶13} Appellant did not provide the record, including a written transcript of the sentencing hearing in Cuyahoga County Court of Common Pleas case number CR-06-480404-A. He attached a photocopy of a certified copy of a sentencing entry in that case which stated in regard to post-release control: "Defendant advised of PRC for 3 years." In that case, appellant pled guilty to one count of failure to comply with police officer order (F3), one count of trafficking (F4), and one count of attempted felonious assault (F3).

{¶14} Appellant appealed the trial court's decision overruling his Motion to Correct Void Sentence to this Court, wherein he raised the following two Assignments of Error:

{¶15} "I. THE TRIAL COURT ERRED WHEN IT DENIED MR. WALKER'S MOTION TO CORRECT VOID SENTENCE AND THUS THE ACCUSED HAS BEEN DEPRIVED OF HIS RIGHT TO DUE PROCESS IN VIOLATION OF THE 5TH, 6TH, AND 14TH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES.

{¶16} "II. THE TRIAL COURT ERRED BY IMPOSING COURT COSTS IN ITS OCTOBER 6, 2011 JUDGMENT ENTRY, WHEN THE COURT DID NOT DO SO WITH MR. WALKER PHYSICALLY PRESENT AND FAILED TO INFORM MR. WALKER THAT FAILURE TO PAY COURT COSTS MAY RESULT IN THE COURT ORDERING HIM TO PERFORM COMMUNITY SERVICE. STATE V. JOSEPH, 125 OHIO ST.3D 76, 926 N.E.2D 278, 2010-OHIO-954; STATE V. DANSBY, 2009-OHIO-2975."

**{¶17}** By Opinion filed March 30, 2012, this Court overruled Appellant's assigned errors and affirmed the decision of the trial court. *See State v. Walker*, Ashland No. 11-COA-046, 2012-Ohio-1513.

**{¶18}** On February 15, 2017, Appellant filed a Motion to Vacate Judicial Sanction. In said motion, Appellant argued that the trial court should vacate the judicial sanctions imposed pursuant to R.C. §2929.141(A)(1) because the September 29, 2006, Journal Entry from the Cuyahoga County Common Pleas Court case did not advise Appellant of the consequences contained within said statute, which, in turn, prohibited the Ashland County trial court from imposing those judicial sanctions.

**{¶19}** On March 14, 2017, the State filed a Response, wherein it conceded Appellant's Motion to Vacate Judicial Sanction.

**{¶20}** By Judgment Entry filed May 22, 2017, the trial court denied Appellant's motion, finding same was barred by the doctrine of res judicata.

**{¶21}** Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

**{¶22}** "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO VACATE JUDICIAL SANCTION.

**{¶23}** "II. THE TRIAL COURT DEPRIVED APPELLANT OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY ADVOCATING ON BEHALF OF THE STATE OF OHIO AND *SUA SPONTE* RAISING A *RES JUDICATA* DEFENSE AFTER THE APPELLEE WAIVED THE DEFENSE.

**{¶24}** "III. THE TRIAL COURT DEPRIVED APPELLANT OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

BY *SUA SPONTE* RAISING A *RES JUDICATA* DEFENSE IN THE MAY 22, 2017 JUDGMENT ENTRY WITHOUT AFFORDING APPELLANT NOTICE AND AN OPPORTUNITY TO BE HEARD AND TO PREPARE A RESPONSE TO THE NEWLY RAISED DEFENSE."

**I., II. III.**

**{¶25}** In his Three Assignments of Error, Appellant challenges his sentence imposed in 2008. More specifically, Appellant challenges the imposition of post-release control.

**{¶26}** Appellant cites this Court to *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus, which states:

**{¶27}** "A sentence that does not include the statutorily mandated term of post release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, paragraph one of the syllabus.

**{¶28}** Upon review, we find that the arguments raised by Appellant in the instant appeal are the same as those raised in Appellant's previous appeal to this Court. Appellant did not file a motion for reconsideration with this Court or appeal our decision to the Ohio Supreme Court. We therefore find that Appellant's repeated challenge is barred by the doctrine of *res judicata*. We do not believe that *Fischer, supra*, intended to allow defendants to overcome the *res judicata* doctrine by opening a window of opportunity for repetitive post-conviction challenges *ad infinitum. See State v. Black,* 5th Dist. Richland No. 16 CA 4, 2016-Ohio-5612.

{¶29} Appellant's Assignments of Error are overruled.

{¶30} For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is affirmed.


By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concurs.

.



JWW/d 0911