[Cite as *State v. Walker*, 2019-Ohio-3336.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2019 COA 010 |
| GARY D. WALKER | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Case No. 08 CRI 108


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      August 19, 2019


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

CHRISTOPHER R. TUNNELL      GARY D. WALKER
PROSECUTING ATTORNEY      PRO SE
COLE F. OBERLI      WARREN CORR. INSTITUTION
ASSISTANT PROSECUTOR      5787 State Route 63
110 Cottage Street      Lebanon, Ohio 45036
Ashland, Ohio 44805

*Wise, John, J.*

**{¶1}** Appellant Gary D. Walker appeals the decision of the Court of Common Pleas, Ashland County, which denied his *pro se* "motion to vacate void judgment." Appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows.

### *Underlying Criminal Case*

**{¶2}** On September 9, 2008, appellant entered pleas of guilty in the Ashland County Court of Common Pleas to three counts of complicity to forgery. Each count was a violation of R.C. 2923.03(A)(2) and 2913.31(A)(3), and each was a felony of the fifth degree.

**{¶3}** On October 14, 2008, the trial court sentenced appellant to three terms of ten months in prison, to be served concurrently. The court further ordered appellant to serve an additional prison sentence of one year, consecutive, for the violation of his prior post-release control, pursuant to R.C. 2929.141. The trial court also advised appellant of the possibility of up to three years of post-release control upon completion of the prison term.

### *Appellant's 2011 Motion and Appeal*

**{¶4}** On September 19, 2011, appellant filed a "motion to correct void sentence" in the Ashland County Court of Common Pleas. Appellant therein essentially argued that the aforementioned imposition of one year of prison time for the post-release control violation from his prior case (in the Cuyahoga County Court of Common Pleas) was void because that court had not properly advised him of certain terms of his post-release

control sanctions. On October 6, 2011, the Ashland County Court of Common Pleas ("trial court") overruled appellant's motion to correct void sentence.

**{¶5}** Appellant appealed that decision to this Court.

**{¶6}** On March 30, 2012, this Court overruled appellant's two assigned errors and affirmed the decision of the trial court. *See State v. Walker*, 5th Dist. Ashland No. 11–COA–046, 2012–Ohio–1513.

<u>*Appellant's 2017 Motion and Appeal*</u>

**{¶7}** On February 15, 2017, appellant filed a "motion to vacate judicial sanction" in the Ashland County Court of Common Pleas ("trial court"). Appellant therein argued that the trial court should vacate the judicial sanctions imposed pursuant to R.C. 2929.141(A)(1) because the September 2006 journal entry from the Cuyahoga County Common Pleas Court case did not advise appellant of the consequences contained within said statute, which, in turn, prohibited the Ashland County trial court from properly imposing those judicial sanctions. On March 14, 2017, the State filed a response.

**{¶8}** By Judgment Entry filed May 22, 2017, the trial court denied appellant's motion, finding same was barred by the doctrine of *res judicata*.

**{¶9}** Appellant again appealed to this Court.

**{¶10}** On October 5, 2017, we overruled appellant's three Assignments of Error. *See State v. Walker*, 5th Dist. Ashland No. 17 COA 016, 2017-Ohio-8111. Appellant's appeal to the Ohio Supreme Court was thereafter dismissed as improvidently allowed. *See State v. Walker*, 155 Ohio St.3d 456, 2018-Ohio-4960, 122 N.E.3d 139.

*Appellant's 2018 Motion and Present Appeal*

**{¶11}** On November 26, 2018, appellant filed a "motion to vacate void judgment" in the Ashland County Court of Common Pleas ("trial court"), alleging that said court lacked subject matter jurisdiction. The State filed a response on December 5, 2018.

**{¶12}** The motion to vacate was denied via a judgment entry issued April 4, 2019.

**{¶13}** On April 19, 2019, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

**{¶14}** "I. THE TRIAL COURT ERRED WHEN IT FAILED TO VACATE THE OCTOBER 14, 2008 JUDGMENT ENTRY FOR LACK OF SUBJECT MATTER JURISDICTION."

**{¶15}** This case has been assigned to this Court's accelerated calendar. App.R. 11.1, which governs accelerated-calendar cases, states in pertinent part: "It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

I.

**{¶16}** In his sole Assignment of Error, appellant contends the trial court erred in denying his post-conviction "motion to vacate void judgment" on grounds of lack of subject matter jurisdiction concerning the underlying criminal case. We disagree.

**{¶17}** "[T]he question of subject matter jurisdiction is so basic that it can be raised at any stage before the trial court or any appellate court, or even collaterally in subsequent and separate proceedings." *State v. Kohr*, 5th Dist. Licking No. 2008 CA 00147, 2009-Ohio-5297, ¶ 47, citing *State v. Williams* (1988), 53 Ohio App.3d 1, 4, 557 N.E.2d 818.

{¶18} Appellant herein directs us to *State v. Cimpritz*, 158 Ohio St. 490, 490–91, 110 N.E.2d 416, 417 (1953), wherein the Ohio Supreme Court held: "A judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding." *Id.* at paragraph six of the syllabus.

{¶19} However, the Ohio Supreme Court has since recognized: "The question of the sufficiency of the indictment does not relate to the jurisdiction of the court to try appellant for the crime for which he was convicted." *Chapman v. Jago*, 48 Ohio St.2d 51, 356 N.E.2d 721, 722 (1976). Also, "*** it appears that the Supreme Court of Ohio has abrogated the portion of *Cimpritz* that held that a judgment of conviction based on an indictment that does not charge an offense is void for lack of jurisdiction." *State v. Arega*, 10th Dist. Franklin No. 17AP-909, 2018-Ohio-3137, f.n. 2, citing *Midling v. Perrini*, 14 Ohio St.2d 106, 107 (1968) (additional citations omitted).

{¶20} However, even assuming, *arguendo*, that appellant could properly raise his defective indictment claim at this juncture, his argument would be unpersuasive. We note R.C. 2923.03(F) states as follows: "Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense."

{¶21} The bill of information for complicity in appellant's case clearly articulated the "aiding or abetting" language of complicity under R.C. 2923.03(A)(2). Appellant provides no valid support for his theory that said bill of information was also required to fully list the elements of forgery under R.C. 2913.31(A)(3). Rather, "[t]he complicity statute

allows an indictment to either specify the elements of complicity itself *or* specify the elements of the principal offenses." *State v. Williams*, 3rd Dist. Allen No. 1-01-63, 2002-Ohio-3623, ¶ 16 (emphasis added).

**{¶22}** Appellant's sole Assignment of Error is therefore overruled.

**{¶23}** For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.

JWW/d 0729